# IN THE UNITED STATES 10TH CIRCUIT DISTRICT COURT OF KANSAS

| | |
|---|---|
| Patrick E. Martin, ) | |
|     Plaintiff, ) | |
| ) | |
| V. ) | Civil Action No. 25-3049-JWL |
| ) | **COMPLAINT** |
| Dan Schnurr, Warden at Hutchinson ) | |
| Correctional Facility; Elizabeth Allen, SAS ) | |
| at HCF; Misty Kroeker, Deputy Warden ) | |
| at HCF; Jeremy Bell, Major at HCF; ) | |
| Stacie Gillespie, Unit Team Mager at HCF; ) | |
| Scott Smith, Unit Team Counselor at HCF, ) | |
| sued in their individual capacities, ) | |
|     Defendants. ) | |

## *1. JURISDICTION & VENUE*

1. This is a Civil Rights action filed by Patrick E. Martin, a state prisoner, for damages under 42 U.S.C. 1983, allegeing Deliberate Indifference in violation of the Eighth Amendment to the United States Constitution; Denial of Due Process in violation of the Fourteenth Amendment to the United States Constitution; and, Interference with Right to Redress Grievances in violation of the First Amendment to the United States Constitution. The Plaintiff also Alleges the Tort of Negligence.

2. The Court has Jurisdiction over the plaintiff's claims of violations of Federal Constitutional Rights under 42 U.S.C. 1331(1) and 1343.

3. The Court has Supplemental Jursidiction over the plaintiff's State law Tort Claims under 28 U.S.C. 1367.

## 2. PLAINTIFF

4.  Patrick E. Martin, is a citizen of the State of Kansas who presently resides at the Ellsworth Correctional Facility, P.O. Box 107, Ellsworth, Kansas 67439. He was incarcerated at the Hutchinson Correctional Facility during the events described herein.

## 3. DEFENDANTS

5.  Defendant, Dan Schnurr, is a citizen of Hutchinson, Kansas, and is employed as Warden of the Hutchinson Correctional Facility. At the time the claims alleged in this complaint arose the defendant was acting under color of state law. He is sued in his individual capacity.

6.  Defendant, Misty Kroeker, is a citizen of Hutchinson, Kansas, and is employed as Deputy Warden of the Hutchinson Correctional Facility. At the time the claims in this complaint arose the defendant was acting under color of state law. She is sued in her individual capacity.

7.  Defendant, Jeremy Bell, is a citizen of Hutchinson, Kansas, and is employed as Major/Chief of Security of the Hutchinson Correctional facility. At the time the claims alleged in this complaint arose the defendant was acting under color of state law. He is sued in his individual capacity.

8.  Defendant, Elizabeth Allen, is a citizen of Hutchinson, Kansas, and is employed as an Enforcements, Apprehensions and Investigations Agent of the Hutchinson Correctional Facility. At the time the claims alleged in this complaint arose the defendant was acting under color of state law. She is being sued in her individual capacity.

9.  Defendant, Stacie Gillespie, is a citizen of Hutchinson, Kansas, and is employed as an Unit Team Manager of the Hutchinson Correctional Facility. At the time the claims alleged in this complaint arose the defendant was acting under the color of state law. She is being sued in her individual capacity.

10. Defendant, Scott Smith, is a citizen of Hutchinson, Kansas, and is employed as an Unit Team Counselor of the Hutchinson Correctional Facillity. At the time the claims alleged in this complaint arose the defendant was acting under color of state law. He is being sued in his individual capacity.

## 4. FACTS

11.  On March 26th, 2023, at approximately 6:05am, Plaintiff was exiting the HCF central unit dining hall after having eaten breakfast.

12.  Inmate Dawson Slater then viciously and mliciously attacked the plaintiff, stabbing the plaintiff upwards of 16 times in his upper back, left shoulder and right leg. Plaintiff nearly bled out as a result.

13.  At all times relevant to this case inmate Dawson Slater was in the custody and care of the Kansas Department of Corrections at the Hutchinson Correctional Facility.

14.  Inmate Dawson Slater and Plaintiff never had any prior associations, affiliations or dealings with one another before Plaintiff was attacked by him.

15.  Upon consideration and belief, inmate Dawson Slater is a known and documented member or affiliate of a white/Aryan nationalist organization/gang.

16.  After being stabbed by inmate Dawson Slater Plaintiff was taken to Hutchinson Regional Hospital were he received emergency treatment to stop the bleeding.

17.  Plaintiff was stitched and glued to close all of his wounds. It tool 8 1/2 vials of glue to close all of his wounds and plus various number of stitches.

18.  Plaintiff was returned to the HCF central unit infirmary at approximately 3pm the same day and remained there in the HCF central unit clinic an additional 3 days (4 days total).

19.  On Wednesday April 29th, 2023, plaintiff was released from the clinic and was returned to his previous living unit in general population, D-1 cellhouse, cell 207.

20.  As a result of being stabbed without provocation by inmate Dawson Slater and due to the negligent and indifferent actions of the defendants, plaintiff has recurring nightmares, cannot function at his previous emotional and cognitive level, and has lost his private industry minimum wage employment he enjoyed while at the Hutchinson Correctional Facility.

21.  Plaintiff is now constantly vigilant of his surroundings, mistrustful of other residents and of KDOC officials and employees.

## 4(a). NEGLIGENCE AND DELIBERATE INDIFFERENCE

22.     Plaintiff realleges and incorporates by reference paragraphs 1-21.

23.     Inmate Dawson Slater, while in the custody and care of the Kansas Department of Corrections at the Hucthinson Correctional Facility, had stabbed 2 or 3 different residents within a two month period of stabbing the plaintiff viciously 16 times.

24.     The named defendants were all cognizant and aware of inmate Dawson Slater's violent behavior and potential threat to the safety of others as they were the officials responsible for investigating the other attacks by inmate Dawson Slater on other residents.

25.     After each attack upon a resident inmate Dawson Slater was released from segregative housing unit at HCF central back into the HCF central unit general population where he was allowed to continue posing a threat to the welfare and safety of others by the named defendants.

26.     KDOC and HCF have policies in place for classifying violent inmtes as either Other Security Risk or CBB (Continuous Bad Behavior) status in order to prevent further attacks and protect other residents, but in this case the named defendants failed to apply such policies and classify inmate Dawson Slater as OSR or CBB, which lead to Plaintiff being his next opportune victim. (See Attachments A, B, and C)

27.     On April 27, 2023, plaintiff was interviewed by defendant Elizabeth Allen in the HCF central unit clinic and was asked why 'he thinks he was attacked by inmate Dawson Slater'.

28.     This interview lasted about 30 minutes.

29.     During this interview Plaintiff asked Defendant Allen twice, 'why inmate Dawson Slater was allowed out of segregation to the general populatin after so many attacks upon other residents in so short of a time?'

30.     Defendant Allen's response to plaintiff was that she 'couldn't answer that, and didn't know why.'

31.     On Thrusday, April 30th, 2023, at approximately 10am, plaintiff was taken from his cell to segregation A-1, stripped out, placed in leg and hand restaints and then taken upstairs to ne formally interviewed again by Defendant Elizabeth Allen and another EAI SAS.

32.     This interview lasted approximately 1 hour and was recorded.

33.     Plaintiff asked again, three times, during this interview 'why inmate Dawson Slater was released from segregation to general population to continue his attacks on other imates after attacking so many others?'

34. Again defendant Allen's response was "I can't answer that".

35. Pursuant to Internal Management Policy and Procedure 20-104A(v), the Defendant Dan Schnurr as Warden of the Huthinson Correctional Facility is responsible for the placement, in long term administrative restrictive housing, of any resident who has shown either consistent bad behavior or have engaged in behavior which has threatened the maintenance, security, or control of the correctional facility.

36. Defendants Jeremy Bell and Elizabeth Allen are both members of the Hutchinson Correctional Facility Restrictive Housing Review Board which is responsible for either retaining residents in administrative restrictive housing; returning residents to general population; or, recommending that residents be transferred, pursuant to IMPP 20-105A(v)(A)(B). (See Attachment D)

37. Defendants Dan Schnurr (Warden) and Misty Kroeker (Deputy Warden/Designee) are responsible for approving the reccomendation of the Hutchinson Correctional Facility Restrictive Housing Review Board's decsion concerning any resident, pursuant to IMPP 20-105A(B)(4).

38. Each of the Defendants either reccomended or approved inmate Dawson Slater's removal from Administrative Restrictive Housing after his violent attacks (stabbings) of two other residents prior to his vicious attack on the plaintiff.

### 4(b). DENIAL OF DUE PROCESS AND INTEREFERENCE WITH RIGHT TO REDRESS GRIEVANCES

39. Plaintiff realleges and incorporates by reference paragraphs 1-38.

40. Plaintiff's first atttempt at administrative remedy was within 15 days of the attack (March 26th, 2023) pursuant to K.A.R. 44-15-101.

41. Plaintiff followed all procedures, submitting first an Informal Resolution of the matter to Defendant Scott Smith as HCF Unit Counselor.

42. After hearing no immediate response Plaintiff again filed another resolution on the matter to Defendant Scott Smith.

43. Plaintiff then filed a formal grievance of the matter as a third attempt to redress his grievance, again submitting it to Unit Counselor Scott Smith.

44. Plaintiff was soon met with hostility and administrative intimidation in the form of security shakedowns by Hutchinson Correctional Facility SORT members (blacksuits) in which

all of his legal papers on this matter were confiscated and never returned.

44. Plaintiff is unable to provide dates for when these attempts were made because all his documents on this incident had been seized by SORT in a shakedown of his cell.

46. Upon consideration and belief, SORT members are only directed to search inmate cells and to seize specific items either by the facility Major/Chief of Secuirty (Defendant Jeremy Bell) and or by EAI SAS (Defendant Elizabeth Allen).

47. After experiencing this plaintiff became fearful of any furhter action and did not know what else to do.

48. Plaintiff was soon thereafter transferred to the Ellsworth Correctional Facility where he again attempted to two (2) more times to file a grievance.

49. On May 5th, 2024, Plaintiff filed an Informal Resolution with then Unit Team Counselor Fred Smith.

50. Unit Team Counselor Smith never forwarded to HCF or answered plaintiff's Informal Resolution of the matter. (See Attachment E)

51. Plaintiff then filed a Personal Injury Claim Form on May 12, 2024, at the Ellsworth Correctional Facility and submitted it to Unit Counselor Fred Smith.

52. Plaintiff's personal injury claim was never forwarded to HCF, the facility it was filed against, and was only answered 3 months later on August 5th, 2024, by ECF Unit Team Manager Samantha Hoss. (See Attachment F)

53. Plaintiff attempted to file a formal grievance of his issues on May 20th, 2024, while at the Ellsworth Correctional Facility to Unit Counselor Fred Smith.

54. Plaintiff's formal grievance was returned to him without ever being processed. (See Attachment G)

55. Plaintiff's cell was again searched at ECF and his legal papers were confiscated or destroyed.

55. Plaintiff has experienced a campaign of harrassment from HCF to ECF concerning his filing of grievances on this matter.

56. Defendant Elizabeth Allen was previously employed at the Ellsworth Correctional Facility as an Unit Counselor and was a well known, long time co worker of both Unit Team Manager Samantha Hoss and of Unit Counselor Fred Smith.

57. While at Hutchinson Correctional Facillity Plaintiff enjoyed Private Industry/Minimum wage employment. Plaintiff was forced to sign a Protective Custody waiver under threat of losing his private industry employment, all privelelges and property, and of being taken to segregation.

58. Several times Plaintiff has sought remmedy over this and each time his efforts has been thwarted by the defendants and other named correctional officials.

## 5. EXHAUSTION OF LEGAL REMEDIES

59. Plaintiff Martin has several times attempted to Grieve this isssue by using the prisoner grievance procedure available at both the Huthchinson Correctional Facility and the Ellsworth Correctional Facility to try and solve this problem in accordance with K.A.R. 44-15-101, et seq. Each attempt by plaintiff Martin was met with either shakedown/seizure of his cell and legal papers or with harrasment and interference.

## 6. LEGAL CLAIMS

60. Plaintiff realleges and incorporates by reference paragraphs 1-59.

61. Defendant Dan Schnur was negligent when he breached his duty to provide for the safety and security of Plaintiff Martin by not placing inmate Dawson Slater on Long term Segregation status but instead approving his release back into general population after stabbing 2 other resident, on 2 other occasions, which led to Plaintiff Martin being viciously stabbed 16 times. Defendant Dan Schnurr also showed deliberate indifference to plaintiff Martins safety by failing to place into long term segregation and instead approving the release back into general population a known violent inmate, Dawson Slater, which perpetuated a substantial risk of harm to an inmate, plaintiff Patrick Martin. Defendant Schnurr's action(s) violated plaintiff Martin's rights under the Eighth Amendment to the United State's Constitution and caused Plaintiff Martin pain, suffering, physical injury and emotional distress.

62. Defendant Misty Kroeker was negligent when she breached her duty to provide for the safety and security of Plaintiff Martin by approving inmate Dawson Slater's release back into general population after stabbing 2 other resident, on 2 other occasions, which led to Plaintiff Martin being viciously stabbed 16 times. Defendant Misty Kroeker also showed deliberate indifference to plaintiff Martins safety by approving the release back into general population a known violent inmate, Dawson Slater, which perpetuated a substantial risk of harm to an inmate,

plaintiff Patrick Martin. Defendant Kroeker's action(s) violated plaintiff Martin's rights under the Eighth Amendment to the United State's Constitution and caused Plaintiff Martin pain, suffering, physical injury and emotional distress.

63. Defendant Jermey Bell was negligent when he breached his duty to provide for the safety and security of Plaintiff Martin by not reccomending the placement of inmate Dawson Slater on Long term Segregation status but instead reccomending and approving his release back into general population after stabbing 2 other resident, on 2 other occasions, which led to Plaintiff Martin being viciously stabbed 16 times. Defendant Jeremy Bell also showed deliberate indifference to plaintiff Martins safety by failing to reccomend placement into long term segregation and instead reccomending and approving the release back into general population a known violent inmate, Dawson Slater, which perpetuated a substantial risk of harm to an inmate, plaintiff Patrick Martin. Defendant Bell's action(s) violated plaintiff Martin's rights under the Eighth Amendment to the United State's Constitution and caused Plaintiff Martin pain, suffering, physical injury and emotional distress.

64. Defendant Elizabeth Allen was negligent when she breached her duty to provide for the safety and security of Plaintiff Martin by not reccomending the placement of inmate Dawson Slater on Long term Segregation status but instead reccomending and approving his release back into general population after stabbing 2 other resident, on 2 other occasions, which led to Plaintiff Martin being viciously stabbed 16 times. Defendant Elizabeth Allen also showed deliberate indifference to plaintiff Martins safety by failing to reccomend placement into long term segregation and instead reccomending and approving the release back into general population a known violent inmate, Dawson Slater, which perpetuated a substantial risk of harm to an inmate, plaintiff Patrick Martin. Defendant Allen's action(s) violated plaintiff Martin's rights under the Eighth Amendment to the United State's Constitution and caused Plaintiff Martin pain, suffering, physical injury and emotional distress.

65. Defendant Stacie Gillespie knowingly denied the processing of plaintiff Martin's several attempts to grieve the issue herein enumerated in this complaint while at the Hutchinson Correctional Facility. Defendant Gillespie's actions violated plaitiff Martin's rights under the First and Fourteenth Amendments to the United States Constitution, and has caused plaintiff Martin irreparable injury to his First and Fourteenth Amendment rights.

66. Defendant Scott Smith knowingly denied the processing of plaintiff Martin's several attempts to grieve the issue herein enumerated in this complaint while at the Hutchinson Correctional Facility. Defendant Smith's actions violated plaitiff Martin's rights under the First and Fourteenth Amendments to the United States Constitution, and has caused plaintiff Martin irreparable injury to his First and Fourteenth Amendment rights.

67. Plaintiff Martin has no plain, adequate or complete remedy at law to redress the wrongs described herein. Plaintiff has been and will continue to irreparably injured by the conduct of the

defendants unless this court grants the declaratory relief which plaintiff seeks.

## 7. *PRAYER FOR RELIEF*

**WHEREFORE**, plaintiff respectfully prays that this court enter judgment:

68.  Granting Plaintiff Martin a declaration that the acts and omissions described herein violate his rights under the Constitution and laws of the United States, and

69.  Granting Plaintiff Martin compensatory damages in the amount of $300,000 against each defendant, jointly and severally.

70.  Plaintiff Martin seekd punitive damages in the amount of $100,000. Plaintiff Martin seeks these damages against each defendant, jointly and severally.

71.  Plaintiff also seeks a jury trial on all issues triable by jury,

72.  Plaintiff also seeks recovery of his cost in this suit, and

73.  Any additional relief this court deems just, proper, and equitable.

Dated: March 21, 2025

Respectfully Submitted,

Patrick E. Martin #55537

P.O. Box 107

Ellsworth, KS 67439

## VERIFICATION

I have read the foregoing complaint and hereby verify that the matters alleged herein are true, except as to matters alleged on information and belief, and, as to those, I believ them to be true. I ceritfy under penalty of perjury that the foregoing is true and correct.

Executed at Ellsworth, Kansas on March 21, 2025

*[signature]*

Patrick E. Martin