## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**PETER E. MARTIN,**

                **Plaintiff,**

    v.                                      **CASE NO. 25-3049-JWL**

**DAN SCHNURR, et al.,**

                **Defendants.**

## MEMORANDUM AND ORDER
## TO SHOW CAUSE

Plaintiff Peter E. Martin, a prisoner at the Ellsworth Correctional Facility in Ellsworth, Kansas at the time of filing, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *in forma pauperis*. For the reasons discussed below, Plaintiff is ordered to show cause why his Complaint should not be dismissed. Plaintiff is also given the opportunity to file an amended complaint to cure the deficiencies.

### I. Nature of the Matter before the Court

Plaintiff's Complaint (Doc. 6) is based on events that occurred when Plaintiff was incarcerated at Hutchinson Correctional Facility in Hutchinson, Kansas ("HCF"). The Complaint alleges HCF officials failed to protect him from attack by another inmate. Plaintiff states he was attacked by inmate Dawson Slater on March 26, 2023. *Id*. at 2. Slater stabbed him 16 times in his upper body, left shoulder, and right leg. *Id*. According to Plaintiff, Slater had stabbed two other inmates within two months prior to his attack on Plaintiff. *Id*. at 2, 5.

The Complaint brings three counts: (1) Deliberate indifference in violation of the Eighth Amendment; (2) Negligence under state law; and (3) Denial of due process and interference with the right to redress grievances under the Fourteenth Amendment. *Id*. at 5-6. Plaintiff names as defendants Dan Schnurr, Warden of HCF; Misty Kroker, Deputy Warden; Elizabeth Allen, EAI SAS at HCF; Jeremy Bell, Chief of Security at HCF; Stacie Gillespie, Correctional Counselor III at HCF; and Scott Smith, Corrections Counselor at HCF. The Complaint seeks relief in the form of compensatory damages of $300,000 from each defendant and punitive damages of $100,000 from each defendant.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of such entity to determine whether summary dismissal is appropriate. 28 U.S.C. § 1915A(a). Additionally, with any litigant, such as Plaintiff, who is proceeding *in forma pauperis*, the Court has a duty to screen the complaint to determine its sufficiency. *See* 28 U.S.C. § 1915(e)(2). Upon completion of this screening, the Court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-

pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at

3

1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

### III. Discussion

#### A. Eighth Amendment Failure to Protect

The United States Supreme Court has made clear that prison and jail officials have a duty to ensure the safety and protection of inmates:

> [P]rison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners. . . . Having incarcerated persons [with] demonstrated proclivit[ies] for antisocial criminal, and often violent, conduct, having stripped them of virtually every means of self-protection and foreclosed their access to outside aid, the government and its officials are not free to let the state of nature take its course. Prison conditions may be restrictive and even harsh, but gratuitously allowing the beating or rape of one prisoner by another serves no legitimate penological objective any more than it squares with evolving standards of decency.

*Farmer v. Brennan*, 511 U.S. 825, 833–34 (1994) (internal quotation marks and citations omitted); *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984).

However, not "every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety." *Farmer*, 511 U.S. at 834. A prison official may be held to have violated the Eighth Amendment only when two components are satisfied: an objective component requiring the inmate show he was "incarcerated under conditions posing a substantial risk of serious harm;" and a subjective component requiring that defendants acted with the culpable state of mind referred to as "deliberate indifference." *Id.*;

4

*Wilson v. Seiter*, 501 U.S. 294, 299 (1991). Deliberate indifference exists when an official "knows of and disregards an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837 ("[T]the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."); *Gonzales v. Martinez*, 403 F.3d 1179, 1186 (10th Cir.), *cert. denied*, 546 U.S. 1003 (2005). Deliberate indifference requires "a higher degree of fault than negligence." *Hovater v. Robinson*, 1 F.3d 1063, 1066 (10th Cir. 1993) (other citations omitted); *Farmer*, 511 U.S. at 835. A prison official's "failure to alleviate a significant risk that he should have perceived but did not" does not amount to the infliction of cruel and unusual punishment. *Id.* It follows that Plaintiff must allege facts indicating that Defendants actually knew of but disregarded a serious risk to him, rather than that they should have been aware of possible danger. *Id.* The mere fact that an assault occurred does not establish the requisite deliberate indifference to Plaintiff's constitutional rights. *Hovater*, 1 F.3d at 1068.

Plaintiff alleges in the Complaint that Slater had attacked two other inmates in two months and been released back into the general population. The Complaint does not describe the circumstances of the attack on Plaintiff or the circumstances of the two previous attacks. The Complaint does not state whether Slater and Plaintiff were cellmates or had a history, or whether the attack was random. Beyond the bare allegation that Slater had attacked two other inmates in two months, the Complaint provides no indication that any defendant knew that Slater posed a significant risk to Plaintiff but disregarded that knowledge. While the risk is not required to have been personal to Plaintiff, it must have been an excessive risk to all prisoners in his situation. *See Farmer*, 511 U.S. at 843.

Plaintiff is given the opportunity to file an amended complaint that includes additional factual allegations.

**B. Redress of Grievances**

Plaintiff claims that Defendants Smith and Gillespie "interfered with and thwarted" his attempts to file grievances related to the assault. (Doc. 6, at 6.)

The Tenth Circuit has held several times that there is no constitutional right to an administrative grievance system. *Gray v. GEO Group, Inc.*, No. 17–6135, 2018 WL 1181098, at *6 (10th Cir. March 6, 2018) (citations omitted); *Von Hallcy v. Clements*, 519 F. App'x 521, 523–24 (10th Cir. 2013); *Boyd v. Werholtz*, 443 F. App'x 331, 332 (10th Cir. 2011); *see also Watson v. Evans*, Case No. 13–cv–3035–EFM, 2014 WL 7246800, at *7 (D. Kan. Dec. 17, 2014) (failure to answer grievances does not violate constitutional rights or prove injury necessary to claim denial of access to courts); *Strope v. Pettis*, No. 03–3383–JAR, 2004 WL 2713084, at *7 (D. Kan. Nov. 23, 2004) (alleged failure to investigate grievances does not amount to a constitutional violation); *Baltoski v. Pretorius*, 291 F. Supp. 2d 807, 811 (N.D. Ind. 2003) (finding that "[t]he right to petition the government for redress of grievances . . . does not guarantee a favorable response, or indeed any response, from state officials"). Plaintiff's claim regarding interference with the grievance process is subject to dismissal for failure to state a constitutional claim.

It may be that rather than claiming a separate constitutional violation, Plaintiff is preemptively asserting a reason for failing to exhaust his administrative remedies. Under 42 U.S.C. § 1997e(a), a prisoner must exhaust his administrative remedies prior to filing a lawsuit in federal court regarding prison conditions. *Id.* Section 1997e(a) expressly provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

*Id.*

However, there is a "built-in exception to the exhaustion requirement: A prisoner need not exhaust remedies if they are not 'available.'" *Estrada v. Smart*, 107 F.4th 1254, 1270 (10th Cir. 2024) (*quoting Ross v. Blake*, 578 U.S. 632, 635–36 (2016). This "unavailability" exception can take three forms:

> 1. **Dead end**: if the administrative process "operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates";
>
> 2. **Opaqueness**: if it is so "opaque that it becomes, practically speaking, incapable of use"; and
>
> 3. **Threats or Intimidation**: if prison administrators "thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation."

*Id.* (*citing Ross*, 578 U.S. at 643-33.)

If this case survives screening and the defendants raise the affirmative defense of failure to exhaust, Plaintiff may make the unavailability argument then.

**C.  State Negligence Claim**

As noted, in a § 1983 action, the Complaint must specify "the violation of a right secured by the Constitutional and laws of the United States, and . . . that the deprivation was committed by a person acting under color or state law." *Bruner v. Baker*, 506 F.3rd 1021, 1025-26 (10th Cir. 2007). "[A] violation of state law alone does not give rise to a federal cause of action under § 1983." *Malek v. Haun*, 26 F.3d 1013, 1016 (10th Cir. 1994). Thus, the allegation that a state statute, state constitution, or state common law was violated states no claim under § 1983. Plaintiff's claim of negligence is a matter of state law that is not a basis for relief in federal court under § 1983.

Plaintiff asserts supplemental jurisdiction. Under 28 U.S.C. § 1367(c)(3), "district courts may decline to exercise supplemental jurisdiction over a claim if . . . the district court has dismissed

7

all claims over which it has original jurisdiction." "When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims." *Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011) (quotations omitted); *see also Foxfield Villa Assocs., LLC v. Robben*, 967 F.3d 1082, 1103 (10th Cir. 2020) ("[A] district court should normally dismiss supplemental state law claims after all federal claims have been dismissed, particularly when the federal claims are dismissed before trial.") (citation omitted).

This Court is not obliged to exercise supplemental jurisdiction over any state law claims, even if valid, given that Plaintiff's federal constitutional claims are subject to dismissal. *See* 28 U.S.C. § 1367(c)(3).

### D.  Personal Participation

An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006); *Foote v. Spiegel*, 118 F.3d 1416, 1423–24 (10th Cir. 1997). An official's liability may not be predicated solely upon a theory of respondeat superior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Duffield v. Jackson*, 545 F.3d 1234, 1239 (10th Cir. 2008); *Gagan v. Norton*, 35 F.3d 1473, 1476 FN4 (10th Cir. 1994), *cert. denied*, 513 U.S. 1183 (1995). To be held liable under § 1983, a supervisor must have personally participated in the complained-of constitutional deprivation. *Meade v. Grubbs*, 841 F.2d 1512, 1528 (10th Cir. 1988). "[T]he defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008).

Here, Plaintiff makes nothing more than claims of abstract duty or supervisory liability. This is not enough to state a claim against the defendants. *See Keith v. Koerner*, 707 F.3d 1185,

1188–89 (10th Cir. 2013) (rejecting an argument that because a prison supervisor had certain responsibilities, "he must have been aware of [the aggressor's] criminal intent and did nothing to prevent it").

If Plaintiff decides to file an amended complaint in response to this Order, he should take care to name each defendant not only in the caption of the Complaint, but again in the body of the Complaint and to include in the body a description of the acts taken by each defendant that violated Plaintiff's federal constitutional rights.

## IV.  Motion

Also before the Court is Plaintiff's Motion for Appointment of Counsel (Doc. 3).  Plaintiff argues that he is unable to afford counsel, his imprisonment will limit his ability to litigate and investigate, and counsel would better enable him to present his claims.  *Id.*

There is no constitutional right to appointment of counsel in a civil case.  *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995).  The decision whether to appoint counsel in a civil matter lies in the discretion of the district court.  *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991).  "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)).  It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to

9

investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979).

The Court concludes in this case that (1) it is not clear at this juncture that Plaintiff has asserted a colorable claim against a named defendant; (2) the issues are not complex; and (3) Plaintiff appears capable of adequately presenting facts and arguments.  The Court denies the motion without prejudice to refiling the motion at a later stage of the proceedings.

## V. Response and/or Amended Complaint Required

Plaintiff is required to show good cause why Plaintiff's Complaint should not be dismissed for the reasons stated herein.  Plaintiff is also given the opportunity to file a complete and proper amended complaint upon court-approved forms that cures all the deficiencies discussed herein.  To add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint.  *See* Fed. R. Civ. P. 15.  An amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it.  Therefore, any claims or allegations not included in the amended complaint are no longer before the court.  It follows that a plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint.

Plaintiff must write the number of this case (25-3049-JWL) at the top of the first page of the amended complaint and must name every defendant in the caption of the amended complaint. *See* Fed. R. Civ. P. 10(a).  Plaintiff should also refer to each defendant again in the body of the amended complaint, where Plaintiff must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances.  Plaintiff must allege sufficient additional facts to show a federal constitutional violation. Plaintiff is given time to file a complete

and proper amended complaint in which Plaintiff (1) raises only properly joined claims and defendants; (2) alleges sufficient facts to state a claim for a federal constitutional violation and show a cause of action in federal court; and (3) alleges sufficient facts to show personal participation by each named defendant.  If Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter may be dismissed without further notice.

**IT IS THEREFORE ORDERED** that Plaintiff is granted to and including **May 25, 2025**, in which to show good cause, in writing, why his Complaint should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that Plaintiff is also granted until **May 25, 2025**, in which to file a complete and proper Amended Complaint to cure all the deficiencies discussed herein.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel (Doc. 3) is **denied**.

The Clerk is directed to send the court-approved § 1983 form to Plaintiff.


**IT IS SO ORDERED.**

**Dated April 25, 2025, at Kansas City, Kansas.**

> **S/   John W. Lungstrum**
> **JOHN W. LUNGSTRUM**
> **UNITED STATES DISTRICT JUDGE**