## UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

PATRICK E. MARTIN,
(ID # 55537),
      **Plaintiff,**

v.                                                    **Case No.: 5:25-cv-03049-JWL**

Warden Schnurr, et. al.,
      **Defendants.**

## MOTION FOR RECONSIDERATION

Plaintiff respectfully moves ths Honorable Court to reconsider its Order of Dismissal (Doc. 18) entered on October 23, 2025, pursuant to Federal Rules of Civil Procedure 59(e), 60(b), and D. Kan. Rule 7.3, and states as follows:

## I. LEGAL STANDARD

- Rule 59(e): Permits a motion to alter or amend a judgment to correct manifest errors of law or fact or to present newly discovered evidence. See Servants of the Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000).
- Rule 60(b): Allows relief from a final judgment for reasons including mistake, inadvertance, surprise, excusable neglect, or any other reason - justifiying relief. See Gonzalez v. Crosby, 545 US 524, 528 (2005); Yapp v. Excel Corp., 186 F.3d 1222, 1231 (10th Cir. 1999).
- D. Kan. Rule 7.3(a): Provides that reconsideration may be granted based on:
  1. An intervening change in controlling law;
  2. The availability of new evidence; or
  3. The need to correct clear error or prevent manifest injustice

## II. GROUNDS FOR RECONSIDERATION
### A. Procedural History and Institutional Interference

Plaintiff temily faxed his response to this Court's Show Cause Order on October 13, 2025, through the facility's only legal fax system located in the law library. On October 27, 2025, Petitioner received notice from the Court dismissing the case for failure to respond. On this day Petitioner sent electronic GTL messaging to mailroom requesting the Electronic email certificate (CM/ECF SYSTEM) requesting copy of filing. On this day, Petitioner requested law librarian (Ms. Avise) to resubmit the response with an affidavit confirming the original fax - along with a notified hand written affidavit from Ms. Avise that she did in fact fax these documents on October 13, 2025. Additionally on this same day, Petitioner filed a GTL Emergency Grievance due to failure by the facility to file legal documents to the Federal Court and to fix known issues with the fax machine happening to other residents. That same week, IT's were in the law library working on the fax machine. On the evening of October 29, 2025, Unit Team Raney personally informed Petitioner in his cellhouse that Deputy Warden Castro insturcted him to inform Peitioner that they are investigating the situation as to who and why the documents were not sent on

the day it was faxed. As of Noveber 3, 2025, Ms. Avise did submit a copy of the specific legal fax log entry relating to the grievance to Deputy Warden Castro - no further response on the grievance.

These failures are part of a known pattern of institutional breakdowns. Courts have held that mishandling of legal mail and failure to transmit filings may violate constitutional rights. See, Hayes v. Idaho Corr. Ctr., 849 F.3d 1204 (9th Cir. 2017); Houston v. Lack, 487 US 266 (1988).

**B. Obstruction of Grievance Procedures and Retaliatory Conduct Reinfoced by Ongoing Systemic Failures.**

Plaintiff previously alleged that correctional staff (HCF) obstructed his ability to pursue the grievance process and retaliated against hi for doing so. Specifically, after filing grievance, Plaintiff's cell was searched on two separate occasions and legal documents were removed. Petitioner was subsequently transferred to Ellsworth Correctional Facility ("ECF").

The current breakdown at ECF's law library's fax system and mailroom - resulting in the Court not receiving Plaintiff's timely response - further supports and reinforces Plaintiff's prior allegations. These recent failures are not isolated incidents but part of a broader pattern of institutional dysfunction that has affected Plaintiff and others, particularly at ECF.

The affidavit submitted by the Ms. Avise confirming the October 13, 2025 fax, combined with ECF's acknowledgment of the failures within the emergency grievance, provides compelling evidence of systemic issues within KDOC. These facts corroborate Plaintiff's claim of obstruction and retaliation by demonstrating that facility's infrastructure and staff conduct have repeatedly interfered with his access to the courts and grievance procedures.

Courts have recognized that when prison officials prevent residents from using grievance systems or retaliate against them for doing so, such conduct violates clearly established constitutional rights. See, Booker v. S.C. Dep't of Corr., 855 F.3d 533 (4th Cir. 2017); Kervin v. Barnes, 787 F.3d 833 (7th Cir. 2015); Santiago v. Blair, 707 F.3d 984 (8th Cir. 2013).

These converging issues - past retaliation and ongoing procedural failures - underscore the need for reconsideration to prevent manifest injustice under Rule 60(b)(6) and D. Kan. Rule 7.3.

**C. Failure to State a Claim tied to Missing Evidence and Exhaustion Obstruction**

Plaintiff contends that the complaint sufficiently alleged facts that, if accepted as true, state a plausable claim for relief under Ashcroft v. Iqbal, 556 US 662 (2009); and Bell Atl. Corp v. Twombly, 550 US 544 (2007). The Court's dismissal appears to have been based, in part, on the absence of Plaintiff's response to the Show Cause Order (Doc. 17), which was not received due to malfunctioning failures in the facility's law library fax system.

That response included a detailed timeline, affidavit, and supporting documentation explaining Plaintiff's efforts to exhaust administrative remedies and the barrier's he encountered. The absence of this evidence led to a ruling that Plaintiff failed to state a claim and failed to exhaust - conclusions that would likely have been different had the Court received the full submission.

To the extent Defendants argue failure to state a claim based on incomplete exhaustion, Plaintiff asserts that any such deficiency is the result of systemic obstruction within KDOC (specifically HCF) - not legal

insufficiency. Courts have recognized that exhaustion - related procedural gaps do not justify dismissa; when remedies were unavailable or obstructed. See Ross v. Blake, 578 US 632, 642 (2016); Turner v. Burnside, 541 F.3d 1077, 1084 (11th Cir. 2008).

## D. Reinforcement of Exhaustion Argument through Systemic Failures

Plaintiff has previously argued that exhaustion of administrative remedies was obstructed by retaliatory conduct, including the removal of legal documents during cell searches that were preformed right after staff knew of the filing and a subsequent facility transfer to ECF. These actions directly interfered with Plaintiff's ability to pursue grievance.

Plaintiff was also confined to the clinic for five of the ten calendar days permitted under KDOC IMPP 01-118D to file a personal injury claim, and dominant arm was injured with several stab wounds during the altercation, and had no assistance from any Unit Team. This physical limitation made the grievance process inaccessible. See, Days v. Johnson, 322 F.3d 863, 867 (5th Cir. 2003).

The current issues - specifically, the failure and known malfunction of the facility's only resident legal fax system - resulting in the Court not receiving Plaintiff's timely response - further reinforce Plaintiff's position. These failures, particaularly at ECF, reflect a broader pattern of dsyfunction that renders administrative remedies effectively unavailable.

Similarly, in Ross, the Supreme Court clarified that residents are only required to exhaust remedies that are "available." When administrative processes are obstructed, opaque, or dsyfunctional, courts must consider whether exhaustion was realistically possible.

Plaintiff respectfully requests that this Court reconsider dismissal and either allow submission of the original grievance to the Secretary of Corrections or stay proceedings to permit full exhaustion. In Small v. Camden County, 728 F3.d 265 (3rd Cir. 2013), the Court reversed dismissal and allowed the plaintiff to complete the grievance process after finding that procedural confusion and administrative misdirection had made exhaustion impractical. Similarly, Plaintiff's diligent efforts were frustrated by systemic failures beyond his control.

Additionally, in Turner, the Court held that when there is genuine dispute over whether administrative remedies were available or properly ppursued, the court must resolve that factual issue before dismissing the case. Given the documented systemic failures and Plaintiff's diligent efforts, dismissal at this stage is premature. A stay of proceedings would allow exhaustion to proceed without prejudice and ensure Plaintiff's claims are heard on the merits.

Equitable tolling is warranted under these circumstances. Courts have held that extraordinary barriers - such as medical confinement and administrative obstruction - Plaintiff was unable to timely pursue remedies despite diligent efforts - justify toling to prevent injustice. See, Holland v. Florida, 560 US 631, 649 (2010).

These facts support reconsideration under Rule 60(b)(6) and D. Kan. Rule 7.3 to prevent manifest injustice and ensure Plaintiff's claims are heard on the merits.

## III. CONCLUSION

In light of the documented systemic failures within the facility - including the mishandling of legal mail, malfunctioning fax systm, and obstruction of grievance procedures - Plaintiff respectfully urges this Honorable Court to reconsider its Order of Dismissal entered on October 23, 2025. The absence of Plaintiff's timely response to the Show Cause Order was not due to neglect, but to institutional breakdowns beyond his control, which have now been substantiated by affidavits and adminsitrative acknowledgement of the emergency grievance recently filed.

Reconsideration is warranted under Federal Rules of Civil Procedure 59(e) and 60(b), and D. Kan. Rule 7.3, to correct clear error and prevent manifest injustice. Plaintiff further requests that the Court reinstate the case, grant leave to exhaust administrative remedies, amend complaint to address exhaustion barriers and include the previously omitted evidence. Alternatively, Plaintiff asks that the Court stay the proceedings to allow full exhaustion of administrative remedies, ensuring that his claims may be adjudicated on their merits rather than dismissal due to procedural deficiencies caused by systemic interferences beyond his control.

Respectfully submitted,

Patrick E. Martin #2000025702 (55537)
PO Box 107
Ellsworth, Kansas 67439

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of November, 2025, I served a true and correct copy of the foregoing Motion for Reconsideration to the United States District Court, District of Kansas and to the following via, CM/ECF system:

_____

_____

_____

Patrick E. Martin #2000025702 (55537)